UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-593-RGJ

JAMIE BERGNER                                                                                    Plaintiff

v.

ABIGAIL DERR                                                                                    Defendants
AND A&J SALES

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Abigail Derr moves to dismiss Plaintiff Jamie Bergner's Complaint. [DE 10]. Bergner moves for leave to file her Second Amended Complaint[1]. [DE 21]. Briefing is complete and the matter is ripe. [DE 16; DE 20; DE 22; DE 23]. For the reasons below, Derr's Motion to Dismiss [DE 10] is **DENIED AS MOOT** and Bergner's Motion for Leave to Amend [DE 21] is **GRANTED**.

### I.   BACKGROUND

Derr alleges that in February 2015 she formed a partnership called "A&J Sales" with Bergner. [DE 21-1 at 126]. The "A" in A&J Sales referred to Abigail; the "J" to Jaimie. *Id.* A&J sold "Mon Cheri products to bridal stores in the Midwest and Southwest regions of the United States." *Id.* Under their oral partnership agreement, Derr was entitled to 60% of the profits and Bergner was entitled to 40%. *Id.* They agreed that they were each responsible for 50% of the expenses and that they would each contribute $700 to open a business checking account. *Id.*

A&J Sales rented office space at 215 S. Clay Street, Louisville, Kentucky. *Id.* at 127. It had a common email address, phone number, and fax number. *Id.* And it had a company credit

---

[1] Bergner filed her First Amended Complaint while the case was in Jefferson County Circuit Court.

card, multiple employees, company business cards, and a company Instagram account.[2] *Id.* Derr and Bergner held each other out as partners, and the Chief Executive Officer of Mon Cheri recognized them as such in "correspondence and otherwise." *Id.*

In December 2018, "Derr informed Bergner that she intended to end the partnership." *Id.* at 128. But, Derr "continued to use the name of the partnership on correspondence and other marketing materials following her dissociation of Bergner from the partnership." *Id.* Derr and A&J Sales did not "distribute to Bergner her share of the income derived from the partnership business." *Id.* When Bergner demanded information about the partnership, Derr denied its existence and refused to provide her information about it. *Id.*

In May 2019, Bergner sued in Jefferson County Circuit Court, alleging violations of their partnership agreement and the Kentucky Uniform Partnership Act. [DE 1-2 at 9]. Derr removed the case [DE 1] to this Court and moved to dismiss [DE 10]. After Bergner responded [DE 16] and Derr replied [DE 20], Bergner moved for leave to amend [DE 21].

## II. STANDARD

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341-42 (6th Cir. 1998). "The grant or denial of leave to amend is within the discretion of the trial court, and

---

[2] In March 2015, Derr "announced the new partnership on the partnership's Instagram account." [DE 21-1 at 127].

2

review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). "When there are pending before the court both a dispositive motion and a motion to amend the complaint, the court must first address the motion to amend complaint." *Gallaher & Assocs., Inc. v. Emerald TC, LLC*, No. 3:08-CV-459, 2010 WL 670078, at *1 (E.D. Tenn. Feb. 19, 2010) (citing *Ellison v. Ford Motor Co.,* 847 F.2d 297, 300 (6th Cir.1988)). If the court grants a motion to amend, "the original pleading no longer performs any function in the case." *Clark v. Johnston*, 413 Fed.Appx. 804, 811 (6th Cir. 2011) (internal quotation marks and citation omitted). Thus, "when the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal." *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389-CRS, 2016 WL 5844097, at *2 (W.D. Ky. Oct. 4, 2016).

### III. DISCUSSION

Bergner moves for leave to file her Second Amended Complaint. [DE 21]. In her Second Amended Complaint, Bergner: 1) "properly includes a necessary party, A&J Sales, the partnership"; 2) "alleges more robust facts to support her allegations that Derr and Bergner formed the partnership A&J Sales"; and 3) "alternatively, adds a claim for breach of contract to the extent the court finds that a partnership did not exist between Bergner and Derr." *Id.* at 123. Derr argues that "justice requires that Plaintiff's motion be denied because Plaintiff's proposed amendments are untimely" and "there is no excuse for the delay." [DE 22 at 136].

Bergner filed the motion for leave to amend two months after Derr's motion to dismiss became ripe. Under the circumstances, two months is not an undue delay. *See Mersen USA - Midland-MI Inc. v. Graphite Machining Servs. & Innovations*, LLC, No. 12-10961, 2012 WL

3060922, at *2 (E.D. Mich. July 26, 2012) ("Undue delay is typically found where years have passed, discovery has been substantially conducted, and dispositive motion deadlines have passed"). Derr has neither argued nor established that Bergner acted in bad faith, and there have not been repeated failures to cure deficiencies by previous amendments. Courts in the Sixth Circuit have found prejudice where a motion to amend is filed after a discovery deadline or close in time to trial. That is not the case here, and so Derr will not be prejudiced by amendment. *See McLean v. Alere Inc.*, No. 3:12-CV-566-DJH, 2015 WL 1638341, at *3 (W.D. Ky. Apr. 13, 2015) (finding no prejudice where plaintiff had yet to be deposed, no dispositive motions had yet been ruled on, and much discovery had been produced); *Jimkoski v. State Farm Mut. Auto. Ins. Co.*, 247 Fed.Appx. 654, 660–61 (6th Cir.2007) (no abuse of discretion when district court denied motion to amend filed one year after deadline for filing dispositive motions, after close of discovery, and eight days before start of trial).

Derr also argues that amendment is futile. Because the standard for futility mirrors the review applied in motions to dismiss, the Court will address Bergner's amended allegations as if in her Complaint. *See Saunders v. Ford Motor Co.*, No. 3:14-CV-00594-JHM, 2015 WL 1980215, at *4 (W.D. Ky. May 1, 2015) (addressing plaintiff's amended allegations as if they were in the complaint); *Midkiff v. Adams Cnty. Reg'l Water Dist.,* 409 F.3d 758, 767 (6th Cir.2005) (quoting *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 249 (6th Cir.1986)) ("A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss'").

In her Second Amended Complaint, Bergner asserts five claims[3]: 1) refusal to allow partner to inspect partnership documents; 2) refusal to pay net amount from partnership; 3) purchase of Bergner's interest; 4) dissolution; and 5) breach of contract. [DE 21-1 at 129-130].

**A. Count One—Refusal to Allow Partner to Inspect Partnership Documents**

Bergner claims that A&J Sales violated KRS § 362.1-403 (Partner's rights and duties with respect to information), which provides: "A partnership shall provide partners and their agents and attorneys access to its books and records. It shall provide former partners and their agents and attorneys access to books and records pertaining to the period during which they were partners." In support of this claim, Bergner alleges:

> 27. Following Defendants actions, Bergner made a demand for information pursuant to KRS 362.1-403.
>
> 28. On March 5, 2019, Derr, through her counsel, denied the existence of a partnership between the two individuals and refused to provide the information requested by Bergner.
>
> 29. On March 17, 2019, Bergner, through her counsel, made a second attempt to receive the information to which she is entitled under KRS 362.1-403. Counsel for Derr indicated that he would speak with Derr and follow up within a week. Counsel for Derr never followed up.

---

[3] Derr argues that Bergner has not sufficiently alleged the existence of a partnership and "[w]ithout a partnership, the entirety of Plaintiff's claims fail." [DE 22 at 139]. Derr asserts that "[t]he formation of a partnership requires an agreement among the participants that they will share in the gains *and losses* of the venture. *See Roethke v. Sanger*, 68 S.W.3d 352, 364 (Ky. 2001)." *Id.* at 138-139 (emphasis in original).

The Court disagrees. "A person who receives a share of the profits of a business is presumed to be a partner in the business." KRS 362.1-202(3)(c). For that reason, Bergner sufficiently alleged the essential elements of a partnership by pleading that she received a share of A&J Sales' profits: "Derr received sixty percent (60%) of the profits and Bergner received forty percent (40%) of the profits." [DE 21-1 at 126].

In *Roethke*, the Kentucky Supreme Court held that an essential element of a joint enterprise—not a partnership—is "a sharing of the profits and losses." *Roethke*, 68 S.W.3d at 364. "A joint enterprise is an informal partnership, existing for a limited purpose and duration." *Abbott v. Chesley*, 413 S.W.3d 589, 604 (Ky. 2013); *See Jones v. Nickell,* 297 Ky. 81, 179 S.W.2d 195, 196 (1944) ("A joint adventure is . . . an association for a particular transaction, while a partnership contemplates a continuing business."). Based on Bergner's allegations, A&J Sales was a partnership, not a joint enterprise. *Roethke* thus is inapplicable.

5

> . . .
>
> 32. A&J Sales refused to allow Bergner to inspect the partnership documents for A&J Sales in violation of KRS 362.1-403.
>
> 33. Bergner has suffered damages as a result of Defendant's actions.

[DE 21-1 at 128-129].

Derr does not address this claim in her response to Bergner's motion to amend. However, she does in her motion to dismiss, arguing: "With respect to the Plaintiff's claim against Derr for alleged denial of access to partnership books and records, it is the alleged partnership (not Derr) that would (if the Plaintiff were a partner, and she is not) have the obligation to make available its books and records." [DE 10-1 at 65]. In her Second Amended Complaint, Bergner modifies this claim to allege that A&J Sales, not Derr, violated KRS 362.1-403. Thus, because Bergner has sufficiently alleged the essential elements of a claim under KRS 362.1-403, the Court finds that amendment is not futile, grants her motion for leave to amend as to this claim, and denies Derr's motion to dismiss as moot.

### B. Count Two—Refusal to Pay Net Amount from Partnership

Bergner claims that A&J Sales and Derr violated KRS § 362.1-401 (Partner's rights and duties), which provides that "[e]ach partner is entitled to an equal share of the partnership profits and is chargeable with a share of the partnership losses in proportion to the partner's share of the profits."[4] In support of this claim, Bergner alleges:

---

[4] Derr and Bergner did not agree to an equal share of partnership profits. The Court notes, however, that their agreement appears to be permissible under Kentucky law because they allegedly had an "express agreement as to how the profits or income shall be divided." *Underwood v. Overstreet*, 188 Ky. 562, 223 S.W. 152, 155 (1920) ("When two persons enter into an arrangement to carry on a particular business, without an express agreement as to how the profits or income shall be divided, the law supplies the deficiency in the contract by awarding to each partner one–half of the profits or income from the business") (emphasis added); *See Honore v. Colmesnil*, 24 Ky. 506, 527 (1829).

> 24. On or about December 2, 2018, Derr informed Bergner that she intended to end the partnership.
>
> 25. Derr continued to use the name of the partnership on correspondence and other marketing materials following her dissociation of Bergner from the partnership. For example, Derr sent out marketing materials to customers for Valentine's Day 2019 that was signed, 'with love, your favorite reps, A&J Sales'.
>
> 26. Derr and A&J Sales failed to distribute to Bergner her share of the income derived from the partnership business.

[DE 21-1 at 128].

Although Derr broadly argues that amendment is futile, she does not specifically address this claim.  And the Court declines to do so for her.  *See Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995)  ("The federal courts will not invent legal arguments for litigants"). Bergner has sufficiently alleged the essential elements of a claim under KRS 362.1-401, including that she has not received her share of the partnership profits.  As a result, the Court finds that amendment is not futile, grants her motion for leave to amend as to this claim, and denies Derr's motion to dismiss as moot.

### C.  Count Three—Purchase of Bergner's Interest

Bergner claims that A&J Sales and Derr violated KRS 362.1-701 (Purchase of dissociated partner's interest), which provides that "[i]f a partner is dissociated from a partnership without resulting in a dissolution and winding up of the partnership business under KRS 362.1-801, then the partnership shall cause the dissociated partner's interest in the partnership to be purchased for a buyout price."

In support of this claim, Bergner alleges:

> 24. On or about December 2, 2018, Derr informed Bergner that she intended to end the partnership.
>
> 25. Derr continued to use the name of the partnership on correspondence and other marketing materials following her dissociation of Bergner from the partnership.  For

7

> example, Derr sent out marketing materials to customers for Valentine's Day 2019 that was signed, 'with love, your favorite reps, A&J Sales'.
>
> 26. Derr and A&J Sales failed to distribute to Bergner her share of the income derived from the partnership business.
>
> . . .
>
> 28. On March 5, 2019, Derr, through her counsel, denied the existence of a partnership between the two individuals and refused to provide the information requested by Bergner.
>
> . . .
>
> 38. To the extent that it is determined that Bergner was dissociated from the partnership without resulting in a dissolution and winding up of the partnership business under KRS 362.1-801, then Bergner requests that the partnership purchase for a buyout her interest in the partnership at a price defined by 362.1-701(2).

[DE 21-1 at 128-129].

Derr does not specifically argue that amendment of this claim is futile. And, as before, the Court the Court declines to do so for her. *See Stransky*, 51 F.3d at 1335. Bergner has sufficiently alleged the essential elements of a claim under KRS 362.1-701. Based on Derr's actions, including her refusal to acknowledge their partnership, it is plausible that Bergner was dissociated from it. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Moreover, because Derr continued to operate A&J Sales even after Bergner was dissociated, it is plausible that there had not been a "dissolution and winding up of the partnership business." KRS 362.1-701. Finally, Bergner has alleged that Derr did not "buyout" her interest in the partnership. As a result, the Court finds that amendment is not futile, grants her motion for leave to amend as to this claim, and denies Derr's motion to dismiss as moot.

### D. Count Four—Dissolution

KRS 362.1-801(1) provides, in pertinent part:

> A partnership is dissolved, and its business shall be wound up, only upon the occurrence of any of the following events:

> (1) In a partnership at will, the partnership's having notice from a partner, other than a partner who is dissociated under KRS 362.1-601(2) to (10), of that partner's express will to withdraw as a partner, or on a later date specified by the partner[.]

In support of her claim, Bergner alleges:

> 24.  On or about December 2, 2018, Derr informed Bergner that she intended to end the partnership.
>
> . . .
>
> 41.  Pursuant to KRS 362.1-801(1), to the extent that Derr's actions can be characterized as her express will to withdraw as a partner, Bergner demands dissolution of partnership and winding up of affairs.
>
> 42.  Defendant refused to wind up the affairs of the partnership.
>
> 43.  Bergner has suffered damages as a result of Defendant's actions.

[DE 21-1 at 128-130].

Derr's statement to Bergner that "she intended to end the partnership" is ambiguous and thus creates an issue of fact about whether she intended to withdraw from the partnership. *Id.* The Court cannot resolve issues of fact on a motion to dismiss. *See Bowens v. Aftermath Entm't*, 254 F. Supp. 2d 629, 640 (E.D. Mich. 2003) ("In order to resolve these questions, the Court would be required to make factual determinations that are inappropriate at this stage of the proceedings"). Making all reasonable inferences in Bergner's favor, it is plausible that Derr meant that she intended to withdraw from the partnership and it is sufficient, at this stage of litigation, for Bergner to allege "enough facts to state a claim to relief" under KRS 362.1-801(1) "that is plausible on its face." *Twombly*, 550 U.S. at 570 (2007). Thus, the Court finds that amendment is not futile, grants her motion for leave to amend as to this claim, and denies Derr's motion to dismiss as moot.

**E. Count Five—Breach of Contract**

To state a claim for breach of contract, a plaintiff must allege: 1) the existence of a contract; 2) the breach of that contract; 3) damages flowing from the breach. *Metro Louisville/Jefferson Cty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. App. 2009) (citing *Barnett v. Mercy Health Partners-Lourdes, Inc.*, 233 S.W.3d 723, 727 (Ky. App. 2007)).

In support of her claim, Bergner alleges:

> 9. The 'A' in A&J Sales is for Abigail (Derr) and the 'J' in A&J Sales is for Jamie (Bergner). Bergner and Derr associated to carry on the business of A&J Sales for profit.
>
> 10. Pursuant to KRS 362.1-202, a person who receives a share of the profits of a business is presumed to be a partner in the business. Pursuant to the partnership agreement, Derr received sixty percent (60%) of the profits and Bergner received forty percent (40%) of the profits. The partnership agreement between Bergner and Derr was an oral or implied agreement as recognized by KRS 362.1-101(11).
>
> 11. The partnership expenses were split 50/50 between Derr and Bergner, including rent and employee salaries.
>
> . . .
>
> 45. To the extent it is determined that Bergner and Derr did not form a partnership called A&J Sales, and it is determined that Bergner was an independent contractor, Derr breached her agreement with Bergner by failing to pay Bergner for all compensation that she was owed under any independent contractor arrangement.
>
> 46. Bergner has suffered damages as a result of Defendant's actions.

[DE 21-1 at 126, 130].

Derr first contends that Bergner's "allegations do not meet any of these three elements. Rather, Plaintiff's . . . Amended Complaint includes just one allegation in support of her proposed breach of contract claim: that [the] 'partnership agreement' . . . entitled Derr to 60% of the profits of the alleged partnership and Bergner to 40% of those profits." [DE 22 at 137].

Bergner argues that she has, in fact, alleged all three elements of breach of contract:

> First . . . Bergner alleges that she and Derr had agreed to split profits 60/40. (DN 21-2 at ¶ 10.) Bergner also alleges that they agreed to split expenses 50/50. (DN 21-2 at ¶ 11.) Therefore, Bergner has alleged that there was an agreement between the parties, i.e. a contract.
>
> . . .
>
> Bergner alleges that Derr breached the contract by failing to pay Bergner for all compensation that she was owed under the agreement. (DN 21-2 at ¶ 45.) Therefore, Bergner has alleged that Derr breached the contract by failing to provide her with her share of the income derived from the business.

[DE 23 at 146].

Bergner has pled factual allegations supporting the essential elements of a breach of contract claim. The facts, as pled, allow the Court to draw a reasonable inference that Derr breached her contractual obligation and is therefore liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556 (2007)).

Derr also argues that the sales representative contract between Derr and Mon Cheri ("Sales Representative Agreement") [DE 20-1] refutes Bergner's claim that she had a contract with Derr to jointly sell Mon Cheri products. [DE 22 at 138 ("Neither the alleged 'partnership' nor Plaintiff are mentioned in the Sales Representative Agreement . . . Plaintiff's argument that a . . . 'contract' existed to perform on the Mon Cheri Sales Representative Agreement presupposes a breach of that very same agreement")]. Derr asserts that the Sales Representative Agreement was only between Derr and Mon Cheri and that, under the contract, Derr could not assign her rights to the alleged partnership. *Id.*

The Sales Representative Agreement was signed in February 2013, two years before Derr and Bergner's agreement. [DE 20-1 at 106]. Moreover, unless explicitly renewed by the parties, the Sales Representative Agreement expired on midnight on December 31, 2013. *Id.* at 114. Thus, there are factual issues about whether the Sales Representative Agreement was still valid in 2015

when Derr and Bergner agreed to jointly sell Mon Cheri products. *See Bowens*, 254 F. Supp. 2d at 640. As a result, the Court finds that amendment is not futile, grants Bergner's motion for leave to amend as to this claim, and denies as moot Derr's motion to dismiss.

## IV.     CONCLUSION

For the reasons above, and being otherwise sufficiently advised, **THE COURT ORDERS AS FOLLOWS**:

(1) Derr's Motion to Dismiss is **DENIED AS MOOT** [DE 10];

(2) Bergner's Motion for Leave to Amend is **GRANTED** [DE 21].

Copies to:     Counsel of record